FILED
SUPERIOR COURT
OF GUAM

2024 MAY 16 PM 12: 30

CLERK OF COURT

BY:_____ 8m

**IN THE SUPERIOR COURT OF GUAM**

JAPAN BUS LINES, LLC,

Plaintiff,

vs.

H.I.S. GUAM, INC.,

Defendant.

CIVIL CASE NO. <u>CV0514-20</u>

**DECISION AND ORDER DENYING MOTION TO EXCLUDE FRUSTRATION OF PURPOSE DEFENSE**

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on March 5th, 2024, for a Motion Hearing on Japan Bus Lines, LLC, ("Plaintiff") Motion in Limine to Exclude H.I.S. Guam, Inc.'s (Defendant's) Frustration of Purpose Defense. Joseph Razzano ("Razzano") appeared for Plaintiff and Phillip Torres ("Torres") for the Defendant. Based on the relevant law and authorities the Court now issues the following decision and order **DENYING** Plaintiff's Motion in Limine to Exclude Frustration of Purpose Defense.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 2022, the Court denied Plaintiff's Motion for Summary Judgment regarding the frustration of purpose defense. Mot. in Limine to Exclude Frustration of Purpose Def. ¶ 3 (2024). Plaintiff moved for reconsideration, and, on August 16, 2022, the Court denied the Plaintiff's Motion for Reconsideration. *Id.* at ¶ 4. On January 3, 2024, Plaintiff filed a Motion in Limine, praying again to exclude the frustration of purpose defense. *Id.* On February 5, 2024, Defendant filed an Opposition. Opp. to Pl.'s Mot. in Limine to Exclude Frustration of Purpose Def.

(2024). And on February 12, 2024, Plaintiff filed their Reply. Reply to Opp. to Mot. in Limine to Exclude Frustration of Purpose Def. (2024).

The relevant facts regarding the Motion to Exclude are as follows:

1. The contract at issue in this case required Plaintiff provide transportation services to Defendant in exchange for Defendant paying an amount to Plaintiff each month. Mot. in Limine to Exclude Frustration of Purpose Def. ¶ 4 (2024) (citing Exhibit "A").

2. The contract began on April 1, 2013, and through subsequent extensions, was set to expire on March 31, 2021. *Id.* citing Exhibit "B."

3. On March 14, 2020, the governor of Guam, pursuant to 10 GCA § 19401, declared a state of emergency for Guam as a result of the effects of COVID-19 arriving on Guam. E.O. 2.20-03.1 Pursuant to 10 GCA § 19405(b), this declaration of emergency was set to expire on April 13, 2020. Thereafter, on March 20, 2020, the governor of Guam closed all non-essential businesses. *Id.* at ¶ 4, 5.

4. On April 8, 2020, the Department of Public Health and Social Services (DPHSS) issued DPHSS Memorandum 2020-05, which provided further guidance on E.O. 2020-05. DPHSS Memo 2020-05 declared that private transportation providers providing transportation services necessary for essential activities were essential businesses. *Id.* at ¶ 5.

5. On April 13, 2020, Defendant informed Plaintiff that it was not willing to pay the full amounts due under the contract despite, as Plaintiff claims, being ready, willing, and able to provide transportation services. *Id.*

6. On May 5, 2020, Plaintiff sent a letter to Defendant declaring Defendant in default of the contract for failure to pay the amounts due and requiring Defendant to cure the default by May 20, 2020. *Id.* (citing Exhibit "E").

7. On May 7, 2020, DPHSS issued DPI-ISS Memo 2020-7 declaring that shopping centers and mall operations may open upon the governor's declaration of Pandemic Condition of Readiness 2 ("PCOR 2"). On May 10, 2020, Guam was declared to be in PCOR 2. *Id.* at ¶ 6.

8. On May 20, 2020, Defendant had still not cured their breach. Plaintiff issued a formal termination letter on May 27, 2020, to Defendant and informed Defendant they would seek all amounts due under the contract. *Id.* citing Exhibit "H." *Id.*

## II. LAW AND DISCUSSION

"A motion *in limine* is made to exclude evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence." *Edwards v. Centex Real Estate Corp.*, 53 Cal.App.4[th] 15, 26 (1997); *see also Palmer*, 2021 Guam 5 ¶ 20 (upholding trial court's grant of motion *in limine* excluding certain defenses at trial). "The purpose of a motion *in limine* is to avoid the obviously futile attempt to unring the bell in the event a motion to strike is granted in the proceedings before the jury." *Edwards*, 53 Cal.App.4[th] at 26. "Such an objection is properly sustained where even if the [claimant's] allegations were proven, they would not establish a [defense]." *Id.*

In addition to the motion *in limine* standard, Plaintiff also moves under Guam Rule of Evidence (GRE) 403 "to exclude the purpose defense because any probative value is substantially outweighed by the danger of unfair prejudice." Mot. in Limine to Exclude Frustration of Purpose

Def. (2024). This language derives from GRE 403, which holds that "although relevant, evidence may be excluded if its probative value is substantially *outweighed by the danger of unfair prejudice*, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." GRE 403 (emphasis added).

Finally, Defendant opposes the Motion in Limine on the grounds that Guam courts prior ruling and the law of case doctrine establish the availability of the frustration of purpose defense. Opp. to Pls.' Mot. in Limine to Exclude Frustration of Purpose Def. (February 5, 2024). Defendant asserts that the Plaintiff cannot exclude what has already been allowed by a previous court and that Plaintiff "rehashes old, failed arguments from its prior motions against the affirmative defense." *Id.* at ¶ 2.

## A. The Court's Prior Rulings and the Law of the Case Doctrine Establish the Availability of the Frustration of Purpose Defense.

Under the 'law of the case' doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Carlson v. Perez*, 2007 Guam 6 at ¶ 19 (citing *People v. Orallo*, 2006 Guam 8 ¶ 5). A court may, in its discretion, "depart from the law of a case if: (1) the earlier decision is clearly erroneous; (2) an intervening change in the law has occurred; (3) evidence on remand is substantially different; (4) other changed circumstances exist; or (5) manifest injustice would otherwise occur." *Id.* Defendant notes that "two written Decisions and Orders issued by the Honorable Presiding Judge Alberto C. Lamorena, III explain why the Frustration of Purpose is a viable affirmative defense in this case, subject to proof." Opp. to Pls.' Mot. in Limine to Exclude Frustration of Purpose Def. ¶ 2 (February 5, 2024) (citing Dec. & Order Den. Pl.'s Mot. for Summ. J., CV0514-20 (March 20, 2022) and Dec. & Order Den. Pl.'s Mot. for Recons. of Mot. for Summ. J., CV0514-20 (August

16, 2022)). Plaintiff responds that these prior decisions are "clearly erroneous" citing the first exception in the *Carlson* standard. Reply to Opp. to Mot. in Limine to Exclude Frustration of Purpose Def. ¶ 1-2 (February 12, 2024).

### i. Judge Lamorena's Prior Decisions Regarding the Viability of the Commercial Frustration Defense Are Not 'Clearly Erroneous'

The frustration of purpose defense "is very difficult to invoke, as courts are reluctant to allow parties to disavow their contractual obligations." *See Palmer v. Mariana Stones Corporation,* 2021 Guam 5 ¶ 30. Guam courts recognize that to establish the defense of commercial frustration, the claimant must prove the following factors taken from California courts: (1) the basic purpose of the contract, which has been destroyed by the supervening event, must be recognized by both parties to the contracts; (2) the event must be of a nature not reasonably to have been foreseen, and the frustration must be so severe that it is not fairly to be regarded as within the risks that were assumed under the contract; (3) the value of counter performance to the promisor seeking to be excused must be substantially or totally destroyed. *See Palmer v. Mariana Stones Corporation,* 2021 Guam 5 ¶ 6 (citing *Peoplesoft U.S.A., Inc. v. Softeck, Inc.,* 227 F.Supp. 2d 1116 (N.D. Cal. 2002)).

Regarding the third factor, Plaintiff points out that Guam "courts analyzing this element have found insufficient a supervening event that merely renders the bargain more expensive or less profitable for the non-performing party seeking to be excused." Dec. & Order Den. Pl.'s Mot. for Recons. of Mot. for Summ. J., CV0514-20 (August 16, 2022) (citing *Palmer v. Mariana Stone Corporation,* 2021 Guam 5). "Instead, the increased difficulty or expense to the nonperformer must be so severe that the contract's value is totally and unforeseeably destroyed." *Id.* at ¶ 8. Regarding leasehold contracts, Guam Courts have held that when the purpose of the contract is

"only restricted by the government and not made impossible or illegal, the value of [a] lease [has] not been substantially or totally destroyed." *Palmer*, 2021 Guam 5 ¶ 35.

After citing this Guam law, Plaintiff then points to California law where the commercial frustration defense has been found to be an "immediate termination of [contract]" and because commercial frustration "compels the termination of the contract, the law does not recognize the temporary frustration defense." *See SVAP III Poway Crossings, LLC v. Fitness International, LLC*, 87 Cal.App.5th 882, 896 (January 20, 2023). Regarding COVID-19 closures, the California Court of Appeals concluded that "where a government regulation is not a permanent prohibition but merely temporary, the commercial frustration doctrine does not apply" and that the COVID-19 "government closure orders [in the case] were temporary, which precludes the application of a commercial frustration defense." *Id.* at ¶ 16.

Plaintiff cites California law above to argue that Judge Lamorena made a clear error interpreting Guam law. Reply to Opp. to Mot. in Limine to Exclude Frustration of Purpose Def. ¶ 3 (February 12, 2024) ("As a matter of law, commercial frustration cannot be applied in this case because Defendant cannot prove any set of facts that would show COVID-19 or government closure orders were permanent.") Plaintiff then asserts that "any closure orders were temporary in nature, and the Court should find that the law of the case doctrine does not preclude it from addressing the defense." *Id.* However, Plaintiff does not cite a single case in Guam where this has been decided "as a matter of law." Instead, Plaintiff cites emerging case doctrine across the United States. *See 9795 Perry Highway Management, LLC v. Bernard*, 273 A.3d 1098, 1106 (Pa. Super. 2022) (noting a 78-day COVID-19 closure was relatively short for a lease that had approximately 3 years remaining on the contract); *Pentagon Federal Credit Union*, 217 A.D.3d (where Defendants argue that, notwithstanding the COVID-19 Executive Order, they still lacked "a

sufficient pool of riders," however, they point to no provisions in the loan documents that conditioned their obligations on a particular level of ridership"); and *West Pueblo, LLC v. Stone Brewing Co., LLC*, 90 Cal.App.5th 1179, 1190 (2023) (where Defendant made binding admissions that despite pandemic orders it had the ability to pay rent during the subject period). It is not "clear error", however, to depart from the law of California, New York, or Pennsylvania when making decisions in Guam.

Guam Courts have held that "when considering departing from the law of the case, it is not enough that a party could now make a more persuasive argument than we would have thought likely when the case was before the court... The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law." *See Guam v. Rios*, 2011 Guam 6 (citing *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)). As it stands, whether or not the commercial frustration defense applies to COVID-19 orders has not yet been decided in Guam. The Supreme Court of Guam is the highest court in this Territory and the high court's decisions can only be appealed to the U.S. Supreme Court. *See* 2004, H.R. 2400 (Pub. L. 108-378) and *Santos v. Guam*, 436 F.3d 1051 (2006) (confirming that the Ninth Circuit no longer had jurisdiction over the Guam Supreme Court, which has since only been subject to review by the U.S. Supreme Court). As such, Judge Lamorena's decisions are only bound by the Guam Supreme Court or the United States Supreme Court, and not courts in New York or California. Therefore, Judge Lamorena's prior decisions regarding the viability of the commercial frustration defense are not clearly erroneous. In fact, the law regarding this issue is Guam remains unclear and undecided. All the more reason for the commercial frustration defense not to be precluded, so that the Guam courts system might make its own decision and provide clarity.

**B. The Frustration of Purpose Defense's Probative Value is Not Substantially Outweighed by the Danger of Unfair Prejudice**

The Plaintiff argues that, under GRE 403, any probative value of the frustration of purpose defense is substantially outweighed by the danger of unfair prejudice. Mot. in Limine to Exclude Frustration of Purpose Def. ¶ 12 (2024). In support, Plaintiff contends that "if the defendant were to present the defense to the jury, when it is unavailable as a matter of law, the jury may be misled to reduce the award it would give Plaintiff to an amount it would not have given if the defense were never presented." *Id.* at ¶ 13. Per the sections above, the frustration of purpose defense is available as a matter of law, however, so there is no danger of unfair prejudice. Thus, the frustration of purpose defense's probative value is not substantially outweighed by the danger of unfair prejudice.

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **DENIES** the Motion to Exclude the Frustration of Purpose Defense.

Scheduling Conference is set for ___May 28___, 2024 at 9:00 a.m.

**SO ORDERED**, this ___16___ day of ___May___ 2024.

_____
HON. JOHN C. TERLAJE
Judge, Superior Court of Guam